UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MAREK HOLODY,
on behalf of himself and all others similarly situated,

Plaintiff,

- against -

CATTRO CONSULTING GROUP CORP., PCGNY
CORP., PCGNY II CORP., DARIUSZ CIACH, and
ANNA TERPILOWSKI,

Defendants.

Civil Docket No.:

**COMPLAINT**

## **NATURE OF THE ACTION**

1.      Plaintiff, MAREK HOLODY ("Plaintiff"), brings this action against Defendants, CATTRO CONSULTING GROUP CORP., PCGNY CORP., PCGNY II CORP., DARIUSZ CIACH, and ANNA TERPILOWSKI (collectively "Defendants"), to seek redress for violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, New York Labor Law ("NYLL") § 193 and 195, *et. seq.*, 12 N.Y. Codes, Rules, and Regulations ("NYCRR") § 142 *et. seq.*, and applicable regulations.

2.      Plaintiff brings this action on behalf of himself and all other persons similarly situated who elect to opt into this action pursuant to FLSA, 29. U.S.C. § 216(b).

## **JURISDICTION AND VENUE**

3.      This Court has subject matter jurisdiction over Plaintiff's FLSA claims set forth herein pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b) because these claims involve federal questions regarding the deprivation of his rights under federal law.

4.      This Court has supplemental jurisdiction over the NYLL and NYCRR claims set forth herein pursuant to 28 U.S.C. § 1367 because these claims closely relate to the federal claims under FLSA,

having arisen from a common nucleus of operative facts, such that they form part of the same case or controversy.

5.    Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 because Defendants are registered to do business in the Southern District of New York and a substantial part of the events or omissions giving rise to the claim occurred therein.

**PARTIES**

6.    Plaintiff, MAREK HOLODY, is an individual residing in the State of New York.

7.    Plaintiff consents in writing to be a party in this action pursuant to 29 U.S.C. § 216(b). His written consent is attached hereto and incorporated by reference.

8.    Defendants, CATTRO CONSULTING GROUP CORP., PCGNY CORP., and PCGNY II CORP., are corporations registered and authorized to do business in the State of New York.

9.    Upon information and belief, Defendants, DARIUSZ CIACH and ANNA TERPILOWSKI, are the owners and operators of Defendants, CATTRO CONSULTING GROUP CORP., PCGNY CORP., and PCGNY II CORP. They are sued in their individual capacity as Plaintiff's employer.

10.    At all times relevant and material to this action, Defendants employed Plaintiff to work at various locations throughout the City of New York and have been Plaintiff's employers within the meaning of the FLSA and the NYLL.

11.    As set forth below, and at all times relevant and material to this action, Defendants constituted Plaintiff's "employers" under the FLSA and the NYLL in that they had the power to hire and fire Plaintiff, control the terms and conditions of his employment, maintain employment records, and determine the rate and method of compensation provided to him.

12.    Upon    information    and    belief,    and    as    described    below,    Defendants, CATTRO CONSULTING GROUP CORP., PCGNY CORP., PCGNY II CORP., constitute an "enterprise" under the FLSA and engage in commerce whose gross annual revenue is at least $500,000.

13.    As more fully set forth below, Plaintiff has been regularly involved in interstate commerce as Defendants' employee by handling goods and materials that moved in commerce and originated out of state, including telecommunications equipment that originated out of state.

## COLLECTIVE ACTION ALLEGATIONS

14.    Pursuant to 29 U.S.C. § 207, Plaintiff seeks to prosecute his FLSA claims as a collective action on behalf of a collective group of persons defined as follows: "All persons who are or were employed by Defendants in the United States at any time since March 1, 2021, to the entry of judgment in this case (the "Collective Action Period"), who were non-exempt laborers within the meaning of the FLSA, and who were not paid their wages or overtime compensation for all hours worked in excess of forty hours per week (the "Collective Action Members").

15.    The Collective Action Members are similarly situated to Plaintiff in that they were employed by Defendants as non-exempt laborers and were denied their wages or overtime pay.

16.    The Collective Action Members are further similarly situated in that Defendants had a policy and practice of knowingly and willfully refusing to pay their wages or overtime pay.

17.    Plaintiff and the Collective Action Members perform, or performed, the same primary duties and were subjected to the same policies and practices by Defendants.

18.    The exact number of such individuals is presently unknown and can be ascertained through discovery.

## FACTS

19.     At all relevant times herein, Defendants, CATTRO CONSULTING GROUP CORP., PCGNY CORP., and PCGNY II CORP., were construction companies registered to do business and operating in the State of New York.

20.     At all relevant times herein, Defendants, CATTRO CONSULTING GROUP CORP., PCGNY CORP., and PCGNY II CORP., maintained a practice and policy of assigning Plaintiff to work more than forty ("40") hours per week without paying him the applicable overtime hourly rate for all hours worked in excess of forty ("40") hours per week, in violation of the FLSA and NYLL.

21.     Defendants' failure to comply with the FSLA and NYLL caused Plaintiff to suffer loss of wages and interest thereon.

22.     At relevant times herein, Plaintiff's work was performed in the normal course of Defendants' business and did not involve executive or administrative responsibilities.

23.     Plaintiff was employed by Defendants from approximately March 1, 2021, through approximately August 1, 2021.

24.     Plaintiff usually worked five ("5") days a week.

25.     Plaintiff usually worked between eight ("8") to ten ("10") hours a day.

26.     Plaintiff's hourly rate was forty dollars ("$40.00").

27.     At all relevant times herein, Plaintiff did not receive pay for all hours he worked for the Defendants.

28.     At all relevant times herein, Plaintiff never received the applicable overtime premium for hours worked in excess of forty ("40") hours per week.

29.     Plaintiff's pay was almost always delayed.

30.     Plaintiff never received a hiring notice or wage statements from Defendants.

31.     Defendants' failure to pay Plaintiff wages and overtime, as well as to provide him with a hiring notice and wage statements, was willful and lacked a good faith basis.

32.     Upon information and belief, throughout Plaintiff's employment, as well as before that time and continuing until this day, Defendants have likewise employed other individuals similarly situated to Plaintiff who had duties and responsibilities which did not include any managerial aspects and did not require the exercise of independent judgment.

33.     Defendants applied similar employment policies, practices, and procedures, to all Collective Action Members.

34.     Upon information and belief, the Collective Action Members have worked in excess of forty (40) hours per week, yet Defendants have likewise failed to pay them overtime compensation of one and a half of their regular hourly rate for all such hours in violation of the FLSA and the NYLL.

35.     Upon information and belief, the Collective Action Members were not provided with hiring notices or wage statements.

36.     Upon information and belief, while Defendants employed Plaintiffs and the Collective Action Members, Defendants failed to maintain accurate and sufficient time records or provide such records to their employees.

37.     Upon information and belief, while Defendants employed Plaintiffs and the Collective Action Members, Defendants failed to post any notices regarding overtime pay rights under the FLSA or NYLL.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION
### (Unpaid Overtime under FLSA)

38.    Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs as if fully set forth herein.

39.    At all relevant times, Defendants employed Plaintiff and the Collective Action Members within the meaning of the FLSA.

40.    At all relevant times, Defendants failed to pay Plaintiff and the Collective Action Members overtime wages for hours worked in excess of forty ("40") hours per week at a rate of one-and-a-half times their regular rate in violation of 29 U.S.C. § 201 *et. seq.*

41.    Defendants' foregoing conduct constituted a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a) and lacked a good faith basis within the meaning of 29 U.S.C. § 260.

42.    As a result of the foregoing violations, Plaintiff and the Collective Action Members are entitled to recover from Defendants their unpaid regular wages, unpaid overtime compensation, liquidated damages, interest, reasonable attorney's fees, and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

### SECOND CAUSE OF ACTION
### (Unpaid Overtime under NYLL)

43.    Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs as if fully set forth herein.

44.    12 NYCRR §142-2.2 requires that "[a]n employer shall pay an employee for overtime at a wage rate of one and one-half times the employee's regular rate."

45.    NYLL § 663, provides that "[i]f any employee is paid by his employer less than the wage to which he is entitled under the provisions of this article, he may recover in a civil action the amount of any such underpayments, together with costs and such reasonable attorney's fees."

46.    Upon information and belief, Plaintiff and the Collective Action Members worked more than forty ("40") hours a week while working for Defendants.

47.    At all relevant times to this action, Defendants failed to pay Plaintiff the applicable overtime hourly rate for all hours worked in excess of forty ("40") per work week, in violation of NYLL § 650 et seq. and 12 NYCRR § 142-2.2.

48.    Defendants' failure to pay wages and overtime compensation to Plaintiff and the Collective Action Members for work performed after the first forty ("40") hours worked in a week was willful.

49.    By the foregoing reasons, Defendants have violated NYLL § 663 and 12 NYCRR § 142-2.2 and are liable to Plaintiff and the Collective Action Members in an amount to be determined at trial, plus interest, attorneys' fees, and costs.

### THIRD CAUSE OF ACTION
### (Unpaid Wages under NYLL)

50.    Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs as if fully set forth herein.

51.    Pursuant to Article Six of the NYLL, workers such as the Plaintiff and the Collective Action Members are protected from wage underpayments and improper employment practices.

52.    Pursuant to Labor Law § 191, and the cases interpreting same, workers such as Plaintiff and the Collective Action Members are entitled to be paid all their weekly wages "not later than seven calendar days after the end of the week in which the wages are earned."

53.     Pursuant to Labor Law § 193, "No employer shall make any deduction from the wages of an employee," such as Plaintiff and the Collective Action Members that is not otherwise authorized by law or by the employee.

54.     Defendants have failed to pay Plaintiff and the Collective Action Members all wages due for the hours they worked for Defendants.

55.     Pursuant to NYLL § 193 and the cases interpreting same, Defendants made unlawful deductions by withholding wages owed to Plaintiff and the Collective Action Members.

56.     Defendants' failure to comply with the NYLL caused Plaintiff and the Collective Action Members to suffer loss of wages and interest thereon.

57.     Defendants' failure to comply with the NYLL was willful.

58.     Due to Defendants' violations of the NYLL, Plaintiff and the Collective Action Members are entitled to recover from Defendants his unpaid wages, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest.

## FOURTH CAUSE OF ACTION
### (Failure to Provide Wage Statements under NYLL)

59.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs as if fully set forth herein.

60.     New York Labor Law § 195(3) requires employers to "furnish each employee with a statement with every payment of wages."

61.     At all times relevant to this action, Defendants failed to furnish Plaintiff and the Collective Action Members with any wage statements as required by NYLL § 195(3).

62.     Defendants' failure to furnish Plaintiff and the Collective Action Members with wage statements was willful.

63.    By the foregoing reasons, Defendants have violated NYLL § 195(3) and are liable to Plaintiff and the Collective Action Members in an amount to be determined at trial, plus interest, as well as attorneys' fees and costs.

### FIFTH CAUSE OF ACTION
**(Failure to Provide Hiring Notices under NYLL)**

64.    Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs as if fully set forth herein.

65.    New York Labor Law § 195(1)(a) requires employers to furnish "in writing in English and in the language identified by each employee as the primary language of such employee, at the time of hiring, a notice containing the following information: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer in accordance with section one hundred ninety-one of this article; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; plus such other information as the commissioner deems material and necessary.

66.    At all times relevant to this action, Defendants failed to furnish Plaintiff and the Collective Action Members with a hiring notice as required by NYLL § 195(1)(a).

67.    Defendants' failure to furnish Plaintiff and the Collective Action Members with a hiring notice was willful.

68.    By the foregoing reasons, Defendants have violated NYLL § 195(1)(a) and are liable to Plaintiff and the Collective Action Members in an amount to be determined at trial, plus interest, as well as attorneys' fees and costs.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff and the Collective Action Members respectfully request the following:

69.     Designation of this action as a collective action on behalf of the Collective Action Members and prompt issuance of a notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of an FLSA opt-in class, apprising them of the pendency of this action, permitting them to assert timely FLSA claim in this action by filing individual consents to sue pursuant to 29 U.S.C. § 216(b), and appointing Plaintiff and their counsel to represent the Collective Action Members.

70.     A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the NYLL.

71.     A compensatory award of unpaid compensation, at the statutory overtime rate, due to Plaintiff and the Collective Action Members under the FLSA and the NYLL.

72.     A compensatory award of unpaid wages under the FLSA and the NYLL.

73.     An award of liquidated damages as a result of Defendants' willful failure to pay wages and statutory overtime compensation pursuant to 29 U.S.C. § 216.

74.     An award of liquidated damages as a result of Defendants' willful failure to pay wages and statutory overtime compensation pursuant to the NYLL.

75.     An award of statutory penalties for Defendants' failure to provide Plaintiff and the Collective Action Members with wage statements and hiring notices pursuant to the NYLL.

76.     An award of back pay.

77.     An award of punitive damages.

78.     An award of pre- and post-judgment interest.

79.     An award of costs and expenses of this action together with reasonable attorneys' fees

and expert fees; and such other and further relief this Court deems just and proper.

Dated: February 14, 2024
        Brooklyn, New York

                                    **JODRE BRENECKI, LLP**

                                    Nicole Brenecki, Esq.
                                    101 North 10th Street – Suite 303
                                    Brooklyn, NY 11249
                                    T.: (347) 563-2605
                                    Email: nicole@jodrebrenecki.com

## CONSENT TO SUE

By my signature below, I hereby authorize the filing and prosecution of claims in my name and on my behalf to contest the failure of Defendants herein and its owners and affiliates to pay me, *inter alia*, my wages and overtime compensation as required under state and federal law. I also authorize the filing of this consent in the lawsuit challenging such conduct, and consent to being named as a representative plaintiff in this action to make decisions on behalf of all other plaintiffs concerning all aspects of this lawsuit. I have been provided a copy of the Retainer Agreement with the law firm of Jodre Brenecki, LLP, and I agree to be bound by its terms.

Składając poniższy podpis, niniejszym upoważniam do wnoszenia i sądzenia roszczeń w moim imieniu w celu zakwestionowania niewypłacania przez Pozwanych w niniejszej sprawie oraz jej właścicieli i podmiotów stowarzyszonych, między innymi, mojego wynagrodzenia i wynagrodzenia za nadgodziny, zgodnie z wymogami prawa stanowego i prawo federalnego. Upoważniam niniejszym również do złożenia zgody w pozwie kwestionującym takie postępowanie oraz wyrażam zgodę na bycie wskazanym jako reprezentatywny powód w tym powództwie do podejmowania decyzji w imieniu wszystkich innych powodów we wszystkich aspektach tego pozwu. Otrzymałem kopię umowy o świadczenie usług z kancelarią adwokacką Jodre Brenecki, LLP i wyrażam zgodę na związanie się jej warunkami.

_____
MAREK HOLODY

Sworn to before me on this 14th day of February, 2024

_____
NOTARY PUBLIC